IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:96-CR-0127-2-JOF |
| | : | |
| KYLE AUBREY BELL, | : | CIVIL ACTION NO. |
| | : | 1:07-CV-0667 |
| Defendant. | : | |

## **ORDER**

This matter is before the court on Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [376-1].

Petitioner, Kyle Aubrey Bell, was convicted of various crimes and sentenced by this court on January 30, 1998. He filed a notice of appeal of his sentence on February 4, 1998. On August 12, 1999, the Clerk of the Eleventh Circuit Court of Appeals entered a dismissal of Petitioner's appeal pursuant to Federal Rule of Appellate Procedure 10(b)(4) and 11th Cir. R. 42-1(b) for want of prosecution due to Petitioner's failure to make satisfactory financial arrangements for the transcript. On June 29, 2000, Petitioner filed a motion with this court to permit a late appeal. In an order dated October 30, 2000, this court denied that motion and instructed Petitioner he would have to raise the issue with the Eleventh Circuit. Similarly, the court denied another of Petitioner's motions for a late appeal on July 26, 2002.

Previously, on July 11, 2001, Petitioner filed a § 2255 motion with this court. In that motion, Petitioner asserted that (1) two counts of his indictment were defective and insufficient on their face in that they failed to specify, state, or contain essential elements of the charged offense, (2) his right to a speedy trial was violated, (3) his right to compulsory process was violated, and (4) he received ineffective assistance of counsel. In an order dated January 16, 2002, the court denied Petitioner's § 2255 motion, finding it was untimely.

On March 15, 2007, Petitioner filed the instant successive § 2255 motion. Citing *In re Williams*, 444 F.3d 233 (4th Cir. 2006), Petitioner contends that his motion is not successive because his first § 2255 motion was designed to reinstate his right to direct appeal. Petitioner further argues that the instant § 2255 motion is not time barred because he has raised a viable claim of factual innocence. Petitioner avers that the McDonald's and Wendy's restaurants he robbed were not establishments involved in interstate commerce, and therefore federal jurisdiction was lacking over his crime, citing *United States v. Morrison*, 529 U.S. 598 (2000). On May 17, 2007, Petitioner filed an "amendment" to his § 2255 motion which corrected a case citation.

As an initial matter, the court notes that Petitioner's § 2255 motion is successive and *In re Williams* is distinguishable. In *Williams*, the Fourth Circuit found that where the district court had granted the defendant's first habeas petition by directing the state court to

-2-

allow him to bring his direct appeal, the defendant's subsequent habeas petition was not successive. Here, however, Petitioner's first § 2255 motion was not to regain his right to a direct appeal. As the court has noted on numerous occasions, Petitioner did file his direct appeal. The Eleventh Circuit eventually dismissed his appeal for failure to make satisfactory financial arrangements for transcript. Because Petitioner's first § 2255 motion was not to vindicate a right to direct appeal, the court finds the instant § 2255 motion is successive, and Petitioner must seek permission from the Eleventh Circuit before filing it. *See* 28 U.S.C. § 2244(b)(3). For that reason alone, the court could deny Petitioner's motion.

In the alternative, the court finds that Petitioner's § 2255 motion is untimely. While it is true that the Eleventh Circuit recognizes that possibility that a viable claim of actual innocence could toll the limitations period under AEDPA, *see Sibley v. Culliver*, 377 F.3d 1196 (11th Cir. 2004), the court understands that Petitioner challenges the court's jurisdiction to hear the criminal charges against him under the Commerce Clause. Such a claim is not an assertion of "actual innocence." Courts have defined "actual innocence" as "factual innocence, not merely legal insufficiency." *See Sweger v. Chesney*, 294 F.3d 506, 523 (3d Cir. 2002) (citing *Bousley v. United States*, 523 U.S. 614 (1998)). Petitioner does not contend he did not commit the crimes, only that this court did not have jurisdiction over those crimes. Nothing in the cases cited by Petitioner demonstrates that such an assertion

-3-

is a claim of "factual innocence" that might equitably toll the limitations period under AEDPA.

Moreover, under *Sibley*, even if Petitioner's claim was one of factual innocence, he cannot demonstrate he was diligent in bringing it to the court's attention. *See* 377 F.3d at 1204 ("In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control.") (quotation and citations omitted).  Petitioner does not allege any facts to show he was not able to raise this claim at the time he was convicted in 1998 and not nine years later.

For the foregoing reasons, the court DENIES Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [376-1].

SO ORDERED, this 31st day of October 2007.

                                                s/ J. Owen Forrester
                                                J. OWEN FORRESTER
                              SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)